OPINION of the Court, by
Ch. J. Boyxe.
-The appellant having obtained a patent from the commonwealth in virtue of a survey upon a removedcertificate granted under the laws of this state, brought an eject-nsent and recovered a judgment against the appellee. To injoin proceedings upon which, the appellee filed his bill, alleging that he had a prior and better right under ⅝¾⅛-tificate granted tó William Dobbins for 200 acres,Which calls to lie “on Eddy creek, adjoining Mary and Robert Dobbins, running as the law directs for complement/’
The appellant by his answer called in question as well the validity of the certificate, for want of sufficient cer-tairity in its description of the land intended tó be’ ap-propria ted by it, as the derivation of the appellee’s title to it. On a final hearing the court below pronounced a decree in favor of the appellee, from which the appellant has prosecuted this appeal. : r
■ We shall first examine the objection tó the validity of the certificate for want of certainty in its ' deWiription.
The Call for “ Mary and Robert Dobbins, ought to be construed, as no doubt it would be understood in com-Irion acceptation, to be equivalent to a call for their land. The idea suggested at the bar that this eall shóuid berta-ken to relate to a joint claim iii both their names, might have been correct if any Such claim lmd'been shewn • hutas there is none such shewn, arid tliey had claims which they held in severalty, the call must be taken to relate to the latter-. But to support the certificate ini question, it is not only necessary to shew that such claims exist in the names of Mary arid Robert DobMñSÍ, bút they should be identified Witli the description given in the Certificate, and their position be ascertained with precision. It appears that Mary Dobbins had a sur. *140 vey upon a certificate for 200 acres upon Eddy creek, the lines of which are proven to have been generally known in its vicinity, at and prior to the date of the certificate in question. Her survey, therefore, was a, good object of description ; and as.she is not .shewn to have had at that time any other claim, it must be presumed tobe the one intended by the call in the certificate for Mary Dobbins. But on what side of her survey, or to what extentthe certificate should adjoin, can only be determined by ascertaining the identity and the position of the claim of Robert Dobbins, which is also required, to be adjoined. Robert Dobbins, however, had no less than three claims on Eddy creek audits waters at the date of the certificate in question. One of these w as a survey in Ms name, as assignee of John Pounds, for 200 acres; another was an entry in his name as assignee of James Bell, upon a certificate for Í00 acres, and the third w as a certificate granted to himself for 200 acres. Whatever may he the position given to either of these claims, to adjoin any one of them would require the certificate in question to occupy ground different from w hat it would do if it were to adjoin either of the others ; and as either of them would satisfy the call for Robert Dobbins, the certificate is on this ground vague and uncertain. But if either could be selected as the one intended in preference to the others, still the certificate could not he supported for the land, in contest. Taking the survey in the name of Robert Dobbins as assignee of Pounds, as the claim intended to be adjoined, would place the certificate entirely off the land in contest^ inasmuch as that survey is on the opposite side of Mary Dobbins ; and by no possibility could the certifi-catebe surveyed so as to adjoin those two claims, and; include the land in controversy. Neither of the other: claims of Robert Dobbins had been surveyed, and consequently their positions can only be ascertained by reference to the objects called for in their locations. Each of them has a call so to run as to include an improvement, but neither of the improvements is established by the testimony, or even delineated upon the connected plat; and according to the uniform (a) current of decisions - for many years past, in the absence of proof of the situation of the improvements, as theground which oughtto be* occupied by . the claims cannot be, known, they cannot be supportedj andthe certificate in gpestion, therefore^f *141 cither of those claims could be selected as the one irt-tended, would nevertheless be vague and uncertain; "
As the certificate cannot be supported for want of cer-' taintyin its description of the land intended to be granted, it is unnecessary to inquire into the derivation of the appellee’s title.
The decree must therefore be reversed with costs, and the cause remanded that the bill may be dismissed with cost.

 Vide, Neale vs. Galloway, vol. 1, 137.